Filed 1/5/22  P. v. Woodward CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GREGORY JAMES NICHOLAS WOODWARD,<br><br>Defendant and Appellant. | C092225<br><br>(Super. Ct. No. F18000009B) |

Defendant Gregory James Nicholas Woodward pleaded no contest to two charges of possessing narcotics for sale.  The trial court imposed, but suspended the execution of, a term of eight years eight months, placing defendant on probation.  The sentence included five prior prison term enhancements under Penal Code former section 667.5, subdivision (b).[1]  In April 2020, the trial court found defendant violated probation and executed the suspended sentence.

On appeal, defendant contends Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), which amended former section 667.5, subdivision (b) to limit qualifying prior prison terms, applies retroactively to his enhancements.  The People do not contest the application of Senate Bill 136 but argue the People should be given an opportunity to withdraw from the plea agreement.

---

[1]  Undesignated statutory references are to the Penal Code.

1

After briefing was complete, the Legislature passed Senate Bill No. 438 (2021-2022 Reg. Sess.) (Senate Bill 483), which declares enhancements under former section 667.5, subdivision (b) legally invalid, requires resentencing, and prohibits the prosecutor and trial court from rescinding the plea agreement as a result of the legal invalidity of the former section 667.5, subdivision (b) enhancements. (§ 1171.1.) We therefore will conclude we must strike the five prior prison term enhancements under former section 667.5, subdivision (b) and remand for resentencing consistent with section 1171.1. In all other respects, we will affirm the judgment.

BACKGROUND

After a traffic stop of a car in which defendant was a passenger, law enforcement officials found heroin, methamphetamine, baggies, and a scale. Defendant was charged with possessing methamphetamine for sale (Health & Saf. Code, § 11378), possessing heroin for sale (*id.*, § 11351), and three misdemeanors for possessing cocaine, oxycodone, and methadone (*id.*, § 11350, subd. (a)). It was also alleged he had served five prior prison terms. (former § 667.5, subd. (b).)

On April 3, 2018, defendant pleaded no contest under a stipulated plea agreement to the two possessing-for-sale counts and admitted all five prior prison term allegations. The trial court dismissed the remaining misdemeanor counts. The trial court sentenced defendant the same day to a stipulated sentence of eight years eight months in county jail (§ 1170, subd. (h)), comprised of three years for the heroin count, eight months for the methamphetamine count, and five years total for the five prior prison terms. The trial court imposed but suspended the execution of the sentence for five years and placed defendant on adult drug court probation.

On April 8, 2020, the trial court found defendant violated probation, revoked his probation, and executed the sentence of eight years eight months in county jail.

DISCUSSION

Defendant contends Senate Bill 136 eliminates his five prior prison term enhancements because his case was not yet final as of January 1, 2020, when Senate Bill 136 took effect. The People originally argued defendant's case was final before the effective date of Senate Bill 136 because his sentence had been imposed and suspended, but they withdrew that argument after the California Supreme Court decided *People v. Esquivel* (2021) 11 Cal.5th 671. The People now agree Senate Bill 136 applies to defendant. We also agree based on *Esquivel*. Thus, defendant is entitled to the ameliorative benefits of Senate Bill 136.

The parties, however, disagree on the remedy. Defendant originally asked this court to "remand the case to allow the prosecution to either approve the lower sentence or withdraw from the plea." The People agreed, relying in part on *People v. Stamps* (2020) 9 Cal.5th 685. Defendant in reply changed his position based on an opinion filed by a different panel of this court after his opening brief, *People v. Andahl* (2021) 62 Cal.App.5th 203, review granted Jun. 16, 2021, S268336. He now argues *Stamps* is not applicable to Senate Bill 136, and he asks us to strike the enhancements without permitting the People to withdraw from the plea agreement.

After briefing in this case was complete, the Legislature passed and the Governor signed Senate Bill 483, adding section 1171.1 to the Penal Code. (Stats. 2021, ch. 728) The new statute declares that enhancements imposed before January 1, 2020 under former section 667.5, subdivision (b) are legally invalid (except under circumstances not applicable here). (§ 1171.1, subd. (a).) The new statute also declares that it applies retroactively "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) And it provides for resentencing of the defendant, with specific instructions relating to the resentencing, which we need not recount here. (§ 1171.1, subds. (c)-(e).) Importantly, the legislation expresses the Legislature's intent "that any changes to the sentence as a result of [Senate

3

Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement."
(Stats. 2021, ch. 728, § 1.)

Section 1171.1 assumes the defendant's conviction is final because it provides for recall of the sentence and resentencing. (§ 1171.1, subd. (c).) But we see no reasonable argument not to apply it also to defendants whose convictions are not yet final, which would require remand for resentencing rather than recall of a sentence.

Accordingly, we will strike the five prior prison term enhancements under former section 667.5, subdivision (b) and remand for resentencing consistent with section 1171.1. Upon remand, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, the resentencing must be consistent with this opinion and the requirements and limitations contained in section 1171.1.

## DISPOSITION

The judgment is modified to strike the five prior prison term enhancements, the sentence is vacated, and the matter is remanded for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.

/S/
MAURO, J.

We concur:


/S/
BLEASE, Acting P. J.


/S/
KRAUSE, J.

4